The People of the State of New York, Respondent, *v.* Thomas
Demasco and Another, Appellants.

Second Department, May 8, 1925.

**Crimes — grand larceny, first degree — indictment charges obtaining
money on false representation that one of defendants was owner of
junk — prosecution cannot sustain indictment by proof of other false
representations — evidence does not show that said defendant was not
owner.**

An indictment for grand larceny in the first degree which charges that the defendants obtained money on the false representation that one of them was the owner of certain junk cannot be sustained by the prosecution by proof of other false representations, tricks or devices used to secure the money.

The evidence does not show that the said defendant was not the owner of the junk at the time the representation was made and the money secured, and, therefore, the judgment is reversed and a new trial granted.

Appeal by the defendants, Thomas Demasco and another, from a judgment of the County Court of the county of Nassau, rendered on the 17th day of March, 1924, convicting them of the crime of

grand larceny in the first degree, and also from an order entered in the office of the clerk of the county of Nassau on the 3d day of March, 1925, denying their motion for a new trial on the ground of newly-discovered evidence.

*Harry W. Moore,* for the appellants.

*Charles I. Wood, Assistant District Attorney [Charles R. Weeks, District Attorney,* with him on the brief], for the respondent.

YOUNG, J.:

In the view which I take of this case it will be unnecessary to consider any question except whether or not there was sufficient proof of defendants' guilt to justify the verdict. The principal question of fact upon which this depends is whether or not the defendant Salvatore Demasco was the owner of the material in question at the time he obtained the $600 from Blum. It is claimed by the learned district attorney that this question was not material; that the proof showed that he obtained possession of the money from the complaining witness Blum by trick and device for the pretended purpose of turning it over to the foreman to release the junk, and that, as a matter of fact, the jury would be justified in convicting if they found a case of larceny by trick or device or by aid of representations which were fraudulent, although not false, or by aid of false representations as to payment already made for the junk. The difficulty with this contention is, however, that the indictment charged the defendants with obtaining the money through the false pretense of Salvatore Demasco that he was the owner of the junk. The case was tried on that theory and the court charged in substance that they could only find the defendants guilty if they found from the evidence that Salvatore was not the owner. Proof, therefore, of any other trick, device or false representation would not, in my opinion, uphold the charge of the indictment:

Was Salvatore Demasco the owner of this material? Both he and his brother Thomas testify that he was. The testimony of the watchman, Dinkelmeyer, tends to corroborate this fact, because he says that this material was sold to Demasco, and that he carted it away. It is true that his testimony is somewhat vague as to when this occurred, but he says that it must have been after the insurance adjusters had got through, because no one was allowed in the field while they were at work. It seems that he was not present at the actual sale, but received instructions from the superintendent, Warner, to deliver the stuff to the Demascos.

The Demascos are also corroborated as to the ownership of the junk by the witnesses Sammis and Mrs. Grass, who testified that

they saw Blum in the defendants' yard at Rockville Centre about this time, carting away a load of junk. Blum had testified that he never was at the defendants' yard. Salvatore Demasco says that part of the junk was in his yard and part in the Flying Field when Blum went to examine it, and the next day Blum came and paid the $600 and took one load. This is also corroborated by the witnesses Sammis and Mrs. Grass. The complaining witness, Blum, also says that Salvatore Demasco told him, when he first talked with him about the junk, that he had taken out two loads the day before. If this is true, it would seem that at that time Salvatore was the owner of the junk. Blum testified that he did not know whether Demasco was or was not the owner. It follows, therefore, that the convict, Marino, who apparently had a grudge against the Demascos, is the sole witness to support the indictment and conviction. It seems to me, therefore, that the evidence in this case falls short of the requirement that defendants' guilt must be established beyond a reasonable doubt. (See Code Crim. Proc. § 389 *et seq.*)

The testimony of Conran, the chief of police of Garden City, also tends to discredit Blum, because, although Blum testified that he knew the Demascos and had done business with them before, he, according to Conran's testimony, said that he did not know the name of the junkman to whom he paid the $600.

The superintendent, Warner, was not called as a witness by either side. It does not appear that it is impossible to secure his testimony. It would seem that the truth could have been ascertained and established in a conclusive manner by his testimony.

I think, therefore, that the judgment should be reversed and the defendants granted a new trial at which Warner may be called as a witness and the truth established.

The judgment of conviction of the County Court of Nassau county and the order should be reversed upon the law and the facts and a new trial ordered.

Kelly, P. J., Jaycox, Manning and Kapper, JJ., concur.

Judgment of conviction of the County Court of Nassau county, and order, reversed upon the law and the facts, and a new trial ordered.